IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,739-01






EX PARTE NATHANIEL DYWANE CLARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 96180 IN THE CRIMINAL DISTRICT COURT


OF JEFFERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. Clark
v. State, No. 09-07-00256-CR (delivered April 1, 2009). 

 Applicant contends that he was denied the right to file a pro se petition for discretionary
review. Specifically, he claims that he never received any correspondence from his attorney
informing him that his conviction had been affirmed or notifying him of his right to file a petition
for discretionary review. 

 The trial court has entered findings of fact and conclusions of law indicating that Applicant's
attorney mailed Applicant a letter on April 6, 2009, informing Applicant that his conviction had been
affirmed and notifying Applicant of his right to file a petition for discretionary review. While the
Court is satisfied this is the case, Applicant has submitted to the Court correspondence purportedly
from the Texas Department of Criminal Justice - Institutional Division indicating that he did not, in
fact, receive said letter. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant received notice that his
conviction had been affirmed. In so doing, the trial court is instructed to obtain the mail logs from
the Texas Department of Criminal Justice - Institutional Division Unit where Applicant was housed
during of April of 2009, to determine whether or not Applicant received any legal mail from his
attorney. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 28, 2009

Do not publish